NORMA J. ROCK, as Limited Administratrix of the Estate of LESTER M. ROCK, Deceased, Appellant, v. CONCRETE MATERIALS, INC., Respondent. (Action No. 1.)

NORMA J. ROCK, as Limited Administratrix of the Estate of LESTER M. ROCK, Deceased, Appellant, v. BERO CONSTRUCTION CORP., Respondent. (Action No. 2.)

Third Department, December 23, 1974.

*O'Connell & Wolfe* (*Livingston L. Hatch* of counsel), for appellant.

*Holcombe & Dame* (*Kenneth H. Holcombe* of counsel), for Concrete Materials, Inc., respondent.

*Fitzpatrick, Bennett & Trombley* (*Edward J. Trombley* of counsel), for Bero Constructon Corp., respondent.

GREENBLOTT, J. On December 14, 1968 at about 9:00 P.M., Lester Rock, plaintiff's deceased husband, was killed when the snowmobile he was operating, with plaintiff as a passenger, crashed into a gate on a private roadway owned by defendant Concrete Materials, Inc. (hereinafter, Concrete). The gate consisted of a metallic pipe in a horizontal position approximately four feet off the ground, chained to two posts on either side of the road. It had been erected in 1959 by defendant Bero Construction Corp. (hereinafter referred to as Bero), Concrete's predecessor in title, to prevent thievery and was located approximately one tenth of a mile from Concrete's plant. There were woods on both sides of the road at this point. In 1963, all interest in and control over the premises, which exceeded 500 acres, was transferred to Concrete, which in 1967 cleared a path around the right side of the gate expressly for use by snowmobiles.

There is no dispute that in the use of the roadway and property of defendant snowmobilers had the status of licensees. The essence of plaintiff's complaint is that in constructing the gate and the snowmobile path, defendants undertook a duty which they could not thereafter perform negligently. At the conclusion of plaintiff's case, the court expressed the view that section

9–103 of the General Obligations Law eliminated a duty of an owner under the common law, and granted defendants' motions to dismiss the complaint. That section reads as follows:

" 1. Except as provided in subdivision two,

" a. an owner, lessee or occupant of premises, whether or not posted as provided [by law]   *   *   *   owes no duty to keep the premises safe for entry or use by others for [*inter alia*] *   *   *   snowmobile operation   *   *   *   or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes;

" b. an owner, lessee or occupant of premises who gives permission to another to pursue any such activities upon such premises does not thereby (1) extend any assurance that the premises are safe for such purpose, or (2) constitute the person to whom permission is granted an invitee to whom a duty of care is owed   *   *   *

" 2. This section does not limit the liability which would otherwise exist

" a. for willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity; or

"b. for injury suffered in any case where permission to pursue any of the activities enumerated in this section was granted for a consideration ".

We do not agree with the Trial Judge that the effect of this statute is to eliminate the duty owed at common law to invitees or licensees. Rather, we feel that the purpose of the statute is to codify the common law and prevent the extension of liability to injured licensees in accordance with more liberal approaches taken in other jurisdictions or under the Restatement of Torts, and thus relieve the anxieties of landowners who feared liability to sportsmen using their land with permission (see 1956 Senate Int. No. 1602, Pr. No. 1704, Memorandum by the Executive Secretary and Director of Research of the Law Revision Commission Governor's Bill Jacket for L. 1956, ch. 842). Nevertheless, in application of common-law rules, we are of the view that plaintiff failed to make out a prima facie case.

First, as to Bero, no liability could attach on any theory put forth by plaintiff because title and control of the premises had completely passed out of its hands five years before decedent's accident (see 46 N. Y. Jur., Premises Liability, § 23). As regards Concrete, this defendant had not constructed the gate, wherefore it could not be said that Concrete undertook any affirmatve duty. However, Concrete did create the path which would tend to expose snowmobiles to any risk which

might be said to have been presented by existence of the gate, wherefore the question of Concrete's liability would depend upon whether it was guilty, in the words of the statute, of a " willful or malicious failure to guard, or to warn against, a dangerous condition [or] structure ". (General Obligations Law, § 9–103, subd. 2, par. a.)

Translating this requirement into common-law language, plaintiff had the burden of proving that the gate constituted a dangerous structure, and that defendants should have known that it constituted an unreasonable hazard and had reason to believe that a passerby could not have discovered it for himself, wherefore there arose a duty to warn (see 46 N. Y. Jur., *supra*, § 43). In our view of the record, plaintiff failed to meet this burden of proof, and any finding by a jury to the contrary would have to have been set aside as based on insufficient evidence. In the first place, the gate was not hidden or concealed — except, if at all, by darkness of night, in which case it was no more or less hidden and/or dangerous than any other structure or growth on the premises. Secondly, and perhaps more important, is the fact that the gate's presence was known to other snowmobilers, and the only known previous incident of a collision involved a snowmobiler who had intentionally tried to drive under it. At least seven witnesses, all called by plaintiff, were snowmobilers who knew of the gate and testified that decedent had often joined them in snowmobiling in close proximity to the gate. While there was no direct testimony clearly establishing that decedent was aware of the gate's existence, plaintiff's evidence clearly disposes of any basis for a finding that Concreate had a reason to believe that a snowmobiler could not discover it for himself. Put another way, the fact that the gate had been discovered by snowmobilers on so many prior occasions without incident stands in the way of any inference that Concrete should have known that the gate was not likely to be observed. The fact that Mr. Rock in fact failed to see the gate on the unfortunate occasion of his accident does not give rise to liability in the face of such one-sided evidence that it was observable to the average snowmobiler-licensee. Thus, plaintiff failed to prove that the gate constituted a dangerous structure giving rise to a duty to warn.

The judgments should be affirmed, without costs.

HERLIHY, P. J., COOKE, MAIN and REYNOLDS, JJ., concur.

Judgments affirmed, without costs.