RICHARD CUTWAY et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent (Claim No. 61522.)

Third Department, November 18, 1982

### APPEARANCES OF COUNSEL

*Robert Abrams*, Attorney-General (*Michael S. Buskus* and *Jeremiah Jochnowitz* of counsel), for appellant-respondent.

*Williams, Micale & Wells* (*Peter N. Wells* of counsel), for respondents-appellants.

### OPINION OF THE COURT

CASEY, J.

On April 18, 1976, while operating a three-wheeled all-terrain vehicle on State land, claimant sustained severe and permanent injuries to the chest and neck when he struck a five-eighths inch steel cable stretched across the dirt roadway on which he was traveling. Following a trial, the Court of Claims found the State liable, in part, for

damages to claimant flowing from the accident and for derivative damages to claimant's wife. The court further found that claimant's conduct contributed to the accident, apportioning liability 80% to the State and 20% to claimant. The awards to claimant and his wife were reduced accordingly. These cross appeals ensued.

The State contends that the claims herein are barred by section 9-103 of the General Obligations Law, which provides, in part, that an owner of premises owes no duty to keep the premises safe for entry or use by others for certain recreational purposes, including motorized vehicle operation. The statute further provides that "[t]his section does not limit the liability which would otherwise exist a. for willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity" (General Obligations Law, § 9-103, subd 2). The effect of this legislation, which was designed to encourage landowners to open their lands to public use for certain recreational purposes and to limit their liability if they did so, was to codify the common law as it existed when the statute was enacted (*Curtiss v County of Chemung,* 78 AD2d 908, 909). Accordingly, *Basso v Miller* (40 NY2d 233), which overruled the prior common-law categories of landusers and adopted the single standard of reasonable care, is inapplicable in cases such as this where the statute comes into play (*Curtiss v County of Chemung,* 78 AD2d 908, 910, *supra*).

Under the standard imposed by the statute, claimant had the burden of proving that the cable constituted a dangerous structure, and that defendant should have known that it constituted an unreasonable hazard and had reason to believe that a passerby could not have discovered it for himself, giving rise to a duty to warn (*Rock v Concrete Materials,* 46 AD2d 300, 303, app dsmd 36 NY2d 772; see, also, *Sega v State of New York,* 89 AD2d 412 [decided herewith]). For claimant to prevail, then, the proof must show that the cable was "a trap" or an inherently dangerous instrumentality which was or should have been known to the State, and that the State failed to exercise that degree of care which would prevent injury (*Curtiss v County of Chemung,* 78 AD2d 908, 910, *supra*).

Examination of the proof herein in light of these general principles leads to the conclusion that the court properly found the State liable for claimant's injuries. The State's contention that this case is indistinguishable from *Rock v Concrete Materials* (46 AD2d 300, *supra*) is erroneous. In *Rock,* a snowmobile struck a metal pipe gate. The court noted that the gate was not hidden or concealed and that the evidence established that the gate was readily observable to the average snowmobiler. Here, in contrast, the gate consisted of a single slender cable, and when approached from the direction in which claimant was traveling, the gate was located immediately past a sharp curve in the roadway. The proof shows that when claimant approached the cable he had only a few seconds after it first came into view to observe it and take evasive action. Unlike in *Rock* there is no direct proof here that others traveling on the roadway in the same direction as claimant were able to observe and avoid the cable without incident. Indeed, claimant's companion testified that he was able to avoid the cable only by swerving off the roadway into the woods at the last second.

The State concedes that the land was open to the public for recreational use. Further, the record shows that State officials were aware of the public's recreational use of the land, including the use of motorized vehicles on the roadway. In order to put an end to this use of motorized vehicles on the roadway, the State erected the cable gate. Yet despite its awareness that motorized vehicles used the roadway, and despite its knowledge that the cable was located such that, when approached from one direction, the inconspicuous cable first came into view at a distance of 110 feet, leaving the operator of a motorized vehicle little time to observe and react, the State took no steps to warn users of the existence of the cable. Under these circumstances, the State's contention that the recreational use statute was intended to protect it from liability for claimant's injuries is less than persuasive.

With regard to claimant's cross appeal, in view of the evidence concerning the speed at which claimant was traveling on an unfamiliar roadway and his failure to observe the cable until after impact, the court's finding

that claimant's culpable conduct contributed to the happening of the accident should not be disturbed. Finally, claimant's contention that he is entitled to the higher rate of interest on his award authorized by the amendment to CPLR 5004 (L 1981, ch 258, § 1) is incorrect (State Finance Law, § 16).

The judgment should be affirmed, without costs.

MAHONEY, P. J., MIKOLL and YESAWICH, JR., JJ., concur.

Judgment affirmed, without costs.