■ CAROL A. MATTISON, Individually and as Parent and Natural Guardian of STACEY R. FIORE, an Infant, et al., Respondents, v HUDSON FALLS CENTRAL SCHOOL DISTRICT, Appellant. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered April 26, 1982 in Washington County, which denied defendant's motion for summary judgment dismissing the complaint. Plaintiffs Carol A. Mattison and Stacey R. Fiore were injured on November 18, 1980 at approximately 7:30 P.M. when the snowmobile operated by plaintiff Mattison collided with a bench located on a snow-covered baseball field owned by defendant Hudson Falls Central School District. The bench was made of wood and affixed to the ground with concrete footings and metal pole legs. It had been in place for approximately 11 years and was in good repair. Defendant never gave express permission to plaintiffs to snowmobile on the athletic field and there are conflicting affirmations as to whether the area was posted with signs prohibiting unauthorized vehicles. The board of education adopted a resolution on September 15, 1970 which banned the operation of snowmobiles on school property, although plaintiffs contend that they had no knowledge of this resolution. Finally, the public often used the grounds for recreational purposes, including snowmobiling, a practice defendant admittedly was aware of. Plaintiffs commenced this action on April 23, 1981 to recover money damages alleging that defendant negligently, willfully, and/or maliciously failed to guard or warn against what, at the time of the accident, was a "dangerous condition, use, structure or activity" (General Obligations Law, § 9-103, subd 2, par b). Following discovery, defendant moved for summary judgment upon the ground that there are no triable issues of fact. Special Term rendered a decision denying defendant's motion for summary judgment and finding that questions of fact exist. This appeal ensued. In order to defeat a motion for summary judgment, the opposing party must "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Zuckerman v City of New York,* 49 NY2d 557, 562; see CPLR 3212, subd [b]). In our opinion, plaintiffs have failed to produce such evidence and, accordingly, defendant's motion for summary judgment should have been granted. In their briefs, all parties labor under the assumption that section 9-103 of the General Obligations Law is applicable. And, indeed, we agree with Special Term that section 9-103 of the General Obligations Law is applicable to this case (see *La Carte v New York Explosives Corp.,* 72 AD2d 873). Under the standard imposed by section 9-103 of the General Obligations Law, plaintiffs have the burden of proving that the bench constituted a dangerous structure, condition or use, and that defendant should have known that it constituted an unreasonable hazard and had reason to believe that a passerby could not have discovered it for himself, giving rise to a duty to warn (see *Rock v Concrete Materials,* 46 AD2d 300, 303, app dsmd 36 NY2d 772; see, also, *Cutway v State of New York,* 89 AD2d 406). Accordingly, for plaintiffs to prevail, the proof must show that at the time of the accident the bench was " 'a trap' or an inherently dangerous instrumentality" which was or should have

been known to defendant, and that the defendant failed to exercise that degree of care which would prevent injury (*Cutway v State of New York, supra,* p 407). In this regard, plaintiffs contend that because the bench was partially covered by snow, it became a dangerous structure which defendants willfully or maliciously failed to guard or warn against. There is nothing in the record which creates a genuine issue of fact regarding this contention (see *La Carte v New York Explosives Corp., supra; Rock v Concrete Materials, supra; Wight v State of New York,* 93 Misc 2d 560). The bench, which plaintiffs hit, is an ordinary bench made of wood and affixed to the ground with concrete footings and metal pole legs. It is located on the third base line of the baseball field on defendant school's athletic field. In the dark of night, plaintiffs ran into it. No trap or dangerous structure existed. The fact that it may have been partially covered by snow does not change it into a trap or dangerous structure (see *Wight v State of New York, supra*). The order must be reversed. Order reversed, on the law, with costs, defendant's motion for summary judgment granted, and complaint dismissed. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.