■ GEORGE SEMINARA et al., Appellants, v HIGHLAND LAKE BIBLE CONFERENCE, INC., Defendant and Third-Party Plaintiff-Respondent. TOWN OF HIGHLAND, Third-Party Defendant-Respondent.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered November 19,

1984 in Sullivan County, which granted defendant's motion for summary judgment and denied plaintiffs' cross motion for leave to amend their complaint and bill of particulars.

During the summer of 1977, plaintiff George Seminara (hereinafter plaintiff) vacationed at his father's home on Lake Devanoe in Sullivan County. This home was approximately one quarter of a mile from property owned and maintained by defendant. Defendant's property consisted of a number of buildings and extensive grounds. Although no specific permission was granted to plaintiff, throughout the period of July 1 through August 17, 1977, he utilized the recreational facilities on defendant's property. He also patronized a snack bar owned and operated by defendant.

On the evening of August 19, 1977, plaintiff and two friends entered one of defendant's buildings without permission and played volleyball on an indoor court for a period of time. Sometime thereafter, plaintiff discovered that he had left his jacket at the volleyball court and borrowed a bicycle to ride back to the court to retrieve his jacket. It was dark and the bicycle had no headlight. Plaintiff drove on a town road for some distance and then left the road with the intention of steering across an open field on defendant's property to travel to the volleyball court. Immediately after entering the field, he drove his bike into a drainage ditch causing him to lose control of the bike and to sustain serious personal injuries. The drainage system had been constructed and was maintained by the third-party defendant.

Plaintiff and his mother commenced actions against defendant alleging that the injuries were due to a dangerous condition which defendant recklessly, negligently and carelessly permitted on its property. Defendant alleged an affirmative defense that, pursuant to General Obligations Law § 9-103, defendant could not be held responsible for any damages resulting from personal injuries sustained by plaintiff while bicycling on defendant's property. Special Term granted defendant's motion for summary judgment, finding that General Obligations Law § 9-103 was applicable to these circumstances. This appeal by plaintiffs ensued.

There is no factual dispute. Plaintiffs contend that General Obligations Law § 9-103 is inapplicable to the facts of this case. Plaintiffs argue that the legislative purpose of the section was to promote recreational use of real property by exempting landowners from liability for accidents sustained by persons using said property for recreational purposes. They further contend that on the occasion of the accident herein,

plaintiff was not riding a bicycle for recreational purposes and, therefore, defendant had no statutory immunity from suit.

To determine the validity of plaintiff's contentions, a careful reading of General Obligations Law § 9-103, as it appeared at the time of the accident herein, is required:

"1. Except as provided in subdivision two,

"a. an owner, lessee or occupant of premises, whether or not posted as provided in section three hundred sixty-six of the conservation law, owes no duty to keep the premises safe for entry or use by others for hunting, fishing, canoeing, trapping, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreational purposes, snowmobile operation or training of dogs, or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes" (as amended by L 1972, ch 106). It appears quite evident that the legislative purpose in enacting this section was to facilitate greater recreational use of real property by granting immunity from personal injury actions resulting from accidents taking place on those properties. But beyond that, there is no requirement that the courts make a determination in each instance as to whether the stated usages of the statute are in fact recreational in nature. The statute plainly identifies the various activities immunized by the statute. The legislative intent with respect to General Obligations Law § 9-103 is clear on its face and there is no reason to resort to any interpretive reading (*Sega v State of New York,* 60 NY2d 183, 190-191; *see also,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 120, 231, 232). One stated activity is bicycle riding, in which obviously this plaintiff was involved. Only in the instance of motorized vehicle operation must the court make an independent determination of whether the activity was for recreational purposes. Consequently, we agree with Special Term that defendant is entitled to the exemption of General Obligations Law § 9-103 (1).

Plaintiffs further contend that General Obligations Law § 9-103 (2) (a) is controlling in that defendant either maliciously or willfully failed to guard or warn against a dangerous condition on its property. There was nothing in the papers submitted on this motion that could possibly be construed to constitute malice on the part of defendant. The only evidence claimed by plaintiffs to support their contention that defendant willfully failed to guard or warn against the alleged dangerous condition was that defendant knew that it existed.

Intentional acts of unreasonable character, performed in disregard of a known or obvious risk so great as to make it highly probable that harm will result, are considered willful conduct in the realm of tort law (Prosser and Keeton, Torts § 34, at 213 [5th ed 1984]). We conclude that the same tests apply to a willful failure to warn. It is obvious from the facts that the drainage ditch involved in this accident constituted no danger to those using the land for its usual and ordinary purposes. There was no evidence that this portion of defendant's property had ever been used by bicyclists. Particularly, there was no evidence that bicyclists used this land during hours of darkness without headlights on their bicycles (*see, Mattison v Hudson Falls Cent. School Dist.*, 91 AD2d 1133). It would be incongruous to require the landowner under these circumstances to warn a bicyclist, who had not been given permission to ride a bicycle in that particular area, of all perils that he might encounter. It is most probable that there were many obstacles on this property which, during the hours of darkness, could have caused a bicyclist to have an accident with the same or similar results as in this case.

Plaintiffs also resort to General Obligations Law § 9-103 (2) (b), which states that "[t]his section does not limit the liability which would otherwise exist * * * for injury suffered in any case where permission to pursue any of the activities enumerated in this section was granted for a consideration". Plaintiffs contend that because plaintiff had made purchases from the snack bar from time to time, he had, in fact, paid a consideration for the privilege of bicycling on defendant's property. We find this argument entirely unpersuasive. There was no nexus between the snack bar and plaintiff's bicycling.

We conclude, therefore, that Special Term properly dismissed the complaint pursuant to General Obligations Law § 9-103 (1) and, also, because plaintiffs, as a matter of law, have failed as a matter of law to present any evidence of defendant's "willful or malicious failure to guard, or to warn" pursuant to General Obligations Law § 9-103 (2). Deciding as we have, there is no merit in plaintiffs' application for leave to amend the complaint.

Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.