*129 OPINION OF THE COURT
Loren N. Brown, J.
This is a motion by the Delaware and Hudson Railway Company for an order granting it judgment dismissing the complaint, and, in the alternative, an order vacating the note of issue.
This is an action for personal injuries. Plaintiffs Kenneth L. Bovair and Michael Shute were injured on May 6, 1983 at approximately 8:50 p.m. when the dirt bike on which they were riding collided with a whistle post on property owned by the defendant. The dirt track ran parallel to the railroad track. The whistle post, positioned between the railroad track and the dirt track, had been installed at some undetermined time before the accident. The whistle post, made of steel and nonreflective material, was installed before new standards were established for whistle posts in May of 1981. The new standards require that the whistle posts be of aluminum and reflective materials.
The defendant moves for summary judgment based upon the protection from liability afforded by General Obligations Law § 9-103. Section 9-103 provides, in pertinent part, that:
"1. Except as provided in subdivision two,
"a. an owner, lessee or occupant of premises, whether or not posted as provided in section 11-2111 of the environmental conservation law, owes no duty to keep the premises safe for entry or use by others for hunting, fishing, organized gleaning as defined in section seventy-one-y of the agriculture and markets law, canoeing, boating, trapping, hiking, cross-country skiing, tobogganing, sledding, speleological activities, horseback riding, bicycle riding, hang gliding, motorized vehicle operation for recreational purposes, snowmobile operation, cutting or gathering of wood for non-commercial purposes or training of dogs, or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes * * *
"2. This section does not limit the liability which would otherwise exist
"a. for willful or malicious failure to guard, or to warn against, a dangerous condition, use structure or activity”.
It is the court’s opinion that section 9-103, by its plain wording, is directly applicable to this litigation, and affords the defendant a defense as a matter of law.
The plaintiffs’ claim that the defendant cannot be shielded *130 by the statute because it is not applicable to this type of property, or that, if it can be applied, the accident was the result of the defendant’s willful and malicious conduct.
The plaintiffs’ first argument, that the land is not the kind of property that is protected by the statute, is not convincing. The defendant possesses a long expanse of undeveloped land but has no effective means of preventing use by operators of recreational vehicles, or others attracted by the recreational potential of the land. By General Obligations Law § 9-103, the Legislature recognized that absent willful or malicious conduct, landowners possessing this and other types of relatively undeveloped land should not be held to the higher standard of care required of other landowners.
The plaintiffs’ reliance on Michalovic v Genessee-Monroe Racing Assn. (79 AD2d 82) is misplaced. In Michalovic, the Fourth Department refused to apply section 9-103 because the land on which an accident occurred was a paved parking lot adjacent to Batavia Downs Racetrack with restricting traffic controls, not open, undeveloped land.
The second ground, that the conduct of the defendant was willful, or, at least, that there is a question of fact whether the conduct was willful, is equally unconvincing. Judged in a light most favorable to the plaintiffs, the defendant was guilty of negligence, not willful and malicious action.
Justice Moule, of the Fourth Department, summarized "willful” and "malicious” conduct as follows: " 'Willful’ conduct requires an intentional act of unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow (Restatement, Torts, § 500; Prosser and Keeton, Torts [5th ed], § 34). 'Malicious’ conduct requires conduct done intentionally without just cause or excuse (Black’s Law Dictionary [4th ed], p 1110)” (O’Keefe v State of New York, 104 AD2d 43, 53-54 [dissenting opn]).
The conduct, or lack of positive action of the defendant, as alleged by the plaintiffs, does not rise to the level of willful and malicious action. The only allegation against the defendant is that it allowed the whistle post to remain adjacent to the dirt track knowing that the track was used by operators of recreational vehicles, and that it did not repair or modernize the whistle post in keeping with newer standards.
Accordingly, the motion for summary judgment is granted.