CHARLES GARDNER, Respondent, v OWASCO RIVER RAILWAY, INC., Appellant, et al., Defendant.

Third Department, November 23, 1988

## APPEARANCES OF COUNSEL

*Bragar & Wexler (Raymond A. Bragar* of counsel), and *Horigan, Horigan, Pennock & Lombardo, P. C.,* for appellant.

*Robert L. Briskie* for respondent.

## OPINION OF THE COURT

KANE, J.

Plaintiff was involved in an accident on January 29, 1984 at approximately 12:30 P.M. when the three-wheel, all-terrain vehicle (hereinafter ATV) he was operating allegedly struck a snow and ice barrier located on an abandoned railway bed owned by defendant Owasco River Railway, Inc. (hereinafter Owasco). The barrier had apparently been erected by defendant John Skonieczny to slow down individuals using the railway bed at high speed. The barrier was located a short distance from a point where the railway bed crossed Skonieczny's driveway. Plaintiff then commenced this action against defendants seeking damages for personal injuries he suffered as a result of the accident.

After serving its answer, Owasco moved for summary judg-

ment dismissing the complaint and all cross claims against it on the basis of General Obligations Law § 9-103. Supreme Court denied the motion and also denied Owasco's subsequent motion for renewal. Owasco has appealed from both orders.

■ We reverse the denial of Owasco's motion for summary judgment. General Obligations Law § 9-103 (1) (a) provides in pertinent part that: "an owner, lessee or occupant of premises * * * owes no duty to keep the premises safe for entry or use by others for * * * motorized vehicle operation for recreational purposes * * * or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes." In denying Owasco's motion, Supreme Court found the statute inapplicable insofar as it determined that the land in question was not the type of remote, undeveloped land that fell within the statute's purview. In so doing, the court relied on *Russo v City of New York* (116 AD2d 240). That case held that General Obligations Law § 9-103 was never intended to protect owners of premises situated in or near highly developed areas.

In *Iannotti v Consolidated Rail Corp.* (137 AD2d 62, 64), however, this court specifically declined to follow *Russo (supra)* and concluded that the size or shape of the property and its proximity to highly developed areas did not automatically preclude application of General Obligations Law § 9-103. If the land is of the type that would ordinarily be used by people engaged in the statute's listed activities, the statute applies *(see, supra,* 137 AD2d, at 64; *see also, Ferres v City of New Rochelle,* 68 NY2d 446, 453). Thus, the question in this case is whether the property was of a type that would ordinarily be used for the operation of a motorized vehicle for recreational purposes. In our view, this requirement was satisfied. The railway bed was not maintained or used for the commercial operation of Owasco *(cf., Iannotti v Consolidated Rail Corp., supra,* at 67). The land was vacant and the railway tracks had been removed. No railway employees used it. Plaintiff himself admitted that it was used by members of the general public for ingress and egress and as a shortcut on a nearly daily basis and was used by all types of vehicles at all times of the year. Thus, since the railway bed was of the type of property that could be used for motorized vehicle riding, the case is governed by General Obligations Law § 9-103.

Plaintiff, however, argues that the statute still does not apply since he was not riding his ATV for recreational purposes. Specifically, he claims that he was riding it to a friend's

home for the purpose of repairing his (plaintiff's) van so that the van could be licensed and used by plaintiff for needed public highway transportation. In addressing this argument, we note that it is only in cases, such as this situation, where a motorized vehicle is involved that it is necessary to determine whether the activity was for recreational purposes *(see, Seminara v Highland Lake Bible Conference,* 112 AD2d 630, 632). Although the term "recreational purposes" is not defined, General Obligations Law § 9-103 (2) (b) does state that the statute does not apply to activities conducted for which a consideration was paid to the owner *(see, Schoonmaker v Ridge Runners Club 99,* 119 AD2d 858, *appeal dismissed* 68 NY2d 807). Furthermore, the statute's purpose was to encourage landowners to open their property for use by the public for the limited number of outdoor activities set forth in the statute *(see, Ferres v City of New Rochelle, supra,* at 452). Here, plaintiff was not on the property at Owasco's behest, he was not paying Owasco for its use, and he admittedly was on it to travel to a friend's home. The mere fact that he may have been using the ATV for transportation purposes does not bring him outside the scope of the recreational purpose required by the statute.

In addition to opposing Owasco's motion for summary judgment, plaintiff cross-moved to amend his complaint to allege willful and malicious conduct on Owasco's part.[1] Plaintiff's claim is based on General Obligations Law § 9-103 (2) (a) which provides that an owner's liability will not be limited where he is guilty of "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity". For Owasco's behavior in failing to warn plaintiff of the ice barrier to qualify as willful or malicious, plaintiff was required to show an intentional act of unreasonable character performed in disregard of a known or obvious risk so great as to make it highly probable that harm would result *(see, Seminara v Highland Lake Bible Conference,* 112 AD2d 630, 633, *supra).* Owasco contends that there was no evidence of willful or malicious conduct. We agree. There was nothing in plaintiff's papers submitted on the cross motion that could possibly be construed as malice by defendant. The only evidence plaintiff points to is a statement by an employee of

---

1. Given its conclusion, Supreme Court denied the cross motion as academic. However, since we have found General Obligations Law § 9-103 applicable to this case, this argument must be addressed.

Owasco that he occasionally inspected the property and knew of its occasional use by ATVs. Plaintiff claims that based on this knowledge, Owasco should have instituted reasonable inspection procedures to prevent the erection of snow and ice barriers. This conduct, or lack of affirmative action by Owasco, does not rise to the level of willful and malicious conduct required by the statute. At most, plaintiff has alleged negligence on Owasco's part (see, Cassella v Delaware & Hudson Ry. Co., 133 Misc 2d 128, 130). Accordingly, there is no merit to his application for leave to amend (see, Seminara v Highland Lake Bible Conference, supra) and summary judgment for Owasco should have been granted.[2]

MAHONEY, P. J., CASEY, YESAWICH, JR., and MERCURE, JJ., concur.

Order entered June 18, 1987 modified, on the law, without costs, by reversing so much thereof as denied defendant Owasco River Railway, Inc.'s motion for summary judgment; motion granted, and complaint and all cross claims dismissed against said defendant; and, as so modified, affirmed.

Appeal from order entered July 23, 1987 dismissed, as academic, without costs.

---

2. Given our decision, it is unnecessary to consider Owasco's appeal from the denial of its renewal motion; therefore, that appeal should be dismissed as academic.