■ ANDREW C. REID, an Infant, by MAUREEN M. REID, His Parent and Natural Guardian, et al., Respondents, v KAWASAKI MOTORS CORPORATION, U.S.A., Defendant, and HARRY H. DUNCAN et al., Appellants.—Mahoney, J. Appeal from an order of the Supreme Court (Travers, J.), entered February 26, 1992 in Rensselaer County, which denied a motion by defendants Harry H. Duncan and Jessie E. Duncan for summary judgment dismissing the complaint against them.

The principal issue on this appeal is whether the recreational use statute (General Obligations Law § 9-103) applies to insulate defendants Harry H. Duncan and Jessie E. Duncan (hereinafter defendants) from liability for injuries sustained by plaintiff Andrew C. Reid (hereinafter plaintiff) in an all-terrain vehicle (hereinafter ATV) accident that occurred on defendants' 260-acre farm in the Town of Schodack, Rensselaer County. A review of the record establishes that defendants' two adult sons each owned a three-wheeled Kawasaki ATV and, along with their friends (including plaintiff) and others, routinely rode their ATVs, motorcycles and dirt bikes on defendants' property. Defendants were aware of and consented to the use of their property for this purpose. In April 1985, defendants' eldest son, Harry Duncan (hereinafter Duncan), created a crude track in the middle of one of the hay fields as a practice track and used it to practice for ATV competitions. The track was also used by those who came upon defendants' land for recreational motorbike riding. Occasionally, Duncan permitted plaintiff to ride Duncan's ATV around the track. On August 2, 1985, plaintiff and a friend, who had informal summer jobs at the farm, were at defendants' barn. In Duncan's absence, the two took the ATVs

---

belonging to defendants' sons. While plaintiff was driving around the track, he lost control of the vehicle and sustained injury. He was 17 years old at the time.

Seeking to recover for injuries sustained, plaintiff and his mother commenced the instant action against defendants and defendant Kawasaki Motors Corporation, U.S.A. As against defendants, plaintiffs alleged that the accident was caused by ruts in the track surface. Specifically, they contended that defendants failed to maintain the track, their failure in this regard was willful and malicious and the track condition constituted a nuisance. Following joinder of issue and the completion of discovery, defendants moved for summary judgment dismissing the complaint against them, claiming applicability of General Obligations Law § 9-103. Without stating its reasons, Supreme Court concluded that section 9-103 was inapplicable and denied the motion. Defendants appeal.

We reverse. In our view, General Obligations Law § 9-103, which grants immunity from liability for ordinary negligence to owners, lessees or occupiers of premises who permit members of the public to come thereupon to engage in one of several enumerated recreational pursuits, applies to insulate defendants from liability on the ordinary negligence claims asserted here. Application of this statute in a given instance requires only a showing that the injured party was pursuing one of the statutorily enumerated recreational activities at the time of the injury and that the property on which the injury occurred is of the character the Legislature envisioned in enacting the statutory grant of immunity, namely, that it is (1) physically conducive to the activity at issue, and (2) of a type that is appropriate for public use in pursuing that activity as recreation (see, e.g., Iannotti v Consolidated Rail Corp., 74 NY2d 39, 43; Dean v Glens Falls Country Club, 170 AD2d 798, 799-800).

The record evidence clearly establishes that these elements are met in the case at bar. While plaintiff originally may have come to defendants' property for a purpose other than motorbiking, it is evident that at the time of the accident he was pursuing recreational motorbiking activities, a pursuit that is expressly included within the ambit of General Obligations Law § 9-103. As regards the property's suitability for this purpose, it cannot be doubted that a large, sprawling farm in a rural area with numerous acres of unimproved open fields that has been used since 1958 for recreational motorbiking and snowmobiling is not only physically conducive to motor-

biking activities, but clearly is the type of property that ordinarily would be frequented for this pursuit *(see, Jacobs v Northeastern Indus. Park,* 181 AD2d 720; *Hoffman v Joseph R. Wunderlich, Inc.,* 147 AD2d 807, *lv denied* 74 NY2d 612; *see also, Obenauer v Broome County Beaver Lake Cottagers Assn.,* 170 AD2d 739, 741; *Gardner v Owasco Riv. Ry.,* 142 AD2d 61, 63, *lv denied* 74 NY2d 606). The presence of the makeshift track, while not created with a view toward facilitating public use of the property for motorbiking, undoubtedly enhanced the property's suitability for that purpose *(cf., Fenton v Consolidated Edison Co.,* 165 AD2d 121, 125-128, *lv denied* 78 NY2d 856; *O'Keefe v State of New York,* 104 AD2d 43, 52 [Moule, J., dissenting]).*

Nor do we believe that the record evidence raises any factual questions to support plaintiffs' claim of willful or malicious failure to guard or warn of a dangerous condition on the property. To qualify as willful or malicious, the proponent must show "an intentional act of unreasonable character performed in disregard of a known or obvious risk so great as to make it highly probable that harm would result" *(Gardner v Owasco Riv. Ry., supra,* at 64; *see, Seminara v Highland Lake Bible Conference,* 112 AD2d 630, 633). Plaintiffs have submitted absolutely no evidence to support this theory. Moreover, even assuming, arguendo, that the purported 1- to 2-inch ruts in the track constituted a dangerous condition, the uncontroverted evidence, which established that defendants did not create the track and had absolutely no knowledge of the purported ruts, makes clear that their only dereliction in this regard was generalized inaction in inspecting the track. This failure to act simply does not rise to the level of willful or malicious conduct *(cf., Gardner v Owasco Riv. Ry., supra,* at 65).

Finally, defendants are entitled to a grant of summary

---

* At this juncture, we note our disagreement with plaintiffs' suggestion that the protections of General Obligations Law § 9-103 extend only to injuries that occur on unimproved land and do not encompass injuries that occur upon artificially created improvements existing on the land, here a dirt track. Apart from the fact that this proposition impliedly has been rejected by the Court of Appeals *(see, Iannotti v Consolidated Rail Corp.,* 74 NY2d 39, 44-45, *supra),* we do not believe that the over-all purpose of the statute would be furthered by imposing such a limitation. We also note that plaintiffs' efforts to uphold Supreme Court's denial of summary judgment on the negligence causes of action by raising claims of negligent entrustment and negligent supervision are unpersuasive inasmuch as neither of these theories of recovery were pleaded in the complaint.

judgment dismissing the nuisance claim. Inasmuch as the underlying facts do not involve interference with plaintiff's property rights, it is to be assumed that the pleading alleges a public nuisance *(see generally, Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564). The *sine qua non* of an action for public nuisance, however, is the interference by a defendant with a public right *(supra).* The complaint here simply is bereft of any such allegations *(see, Andersen v University of Rochester,* 91 AD2d 851).

Mikoll, J. P., Levine, Mercure and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Harry H. Duncan and Jessie E. Duncan and complaint dismissed against them.