■ JOHN SCUDERI, Respondent, v NIAGARA MOHAWK POWER CORPORATION, Appellant. [663 NYS2d 912] —Peters, J. Appeal from an order of the Supreme Court (Canfield, J.), entered April 17, 1997 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

On January 20, 1994, while operating a snowmobile, plaintiff struck a metal-cable gate placed across defendant's electric transmission line right-of-way, causing his ejection. This negligence action was thereafter commenced to recover for personal injuries he allegedly sustained. Defendant moved for summary judgment asserting exemption from liability pursuant to General Obligations Law § 9-103.

Despite the uncontroverted testimony of both Allen Chieco, defendant's regional transmission and distribution superintendent (who explained that the purpose of the cable was to prevent littering), and that of Karen Maxwell, a staff assistant in defendant's right-of-way department (who established defendant as the fee owner of this property), Supreme Court found triable issues of fact precluding summary judgment. Defendant appeals and we reverse.

Pursuant to New York's recreational use statute embodied in General Obligations Law § 9-103, an owner, lessee or occupant of premises will be immune from liability for ordinary negligence if the injury occurred while such individual was engaged in one of the statutorily enumerated activities at the time of the injury (General Obligations Law § 9-103 [1] [a]) and "the property on which the injury occurred * * * is (1) physically conducive to the activity at issue, and (2) of a type that is appropriate for public use in pursuing that activity as recreation" (*Reid v Kawasaki Motors Corp.*, 189 AD2d 954, 955). Here, it is undisputed that when injured, plaintiff was engaged in snowmobile operation, one of the statutorily enumerated activities, that the property was physically conducive to such activity and that it had been previously used by the public for such purpose. Despite plaintiff's protestations to the contrary, defendant's erection of a barrier did not change this result (*see, Sega v State of New York*, 60 NY2d 183; *La Carte v New York Explosives Corp.*, 72 AD2d 873).

Similarly unavailing is plaintiff's contention that an exemption exists here to the immunity granted by General Obligations Law § 9-103 (2) since the cable was partially covered with snow at the time of the accident, the reflective device originally attached to the cable gate was missing and no warning signs were posted in the immediate vicinity (*see*, General Obligations Law § 9-103 [2]). With plaintiff failing to sustain his burden of proof demonstrating an " 'intentional act of unreasonable character performed in disregard of a known or obvious risk so great as to make it highly probable that harm would result' " (*Hillman v Penn Cent. Corp.*, 204 AD2d 902, quoting *Gardner v Owasco Riv. Ry.*, 142 AD2d 61, 64, *lv denied* 74 NY2d 606), since defendant established that approximately six months prior to this incident a reflective barricade was attached to the cable, we heed the guidance from the Court of Appeals that the exception "should not be read so expansively as to promote question-of-fact inquiries" (*Farnham v Kittinger*, 83 NY2d 520, 529). Hence, in accordance with our prior rulings (*see, e.g., Hinchliffe v Orange & Rockland Utils. Co.*, 216 AD2d 528, *lv denied* 87 NY2d 801; *Mattison v Hudson Falls Cent. School Dist.*, 91 AD2d 1133) and consistent with *La Carte v New York Explosives Corp.* (*supra*), it is clear that defendant has demonstrated its entitlement to the protection accorded by General Obligations Law § 9-103.

We hereby reverse the order of Supreme Court and grant defendant's motion for summary judgment dismissing the complaint.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.