Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the amended judgment is affirmed, without costs.

■ HAWKINS HOME GROUPS, INC., et al., Plaintiffs, v SOUTHERN ENERGY HOMES, INC., et al., Appellants, and IHC HOLDINGS COMPANY, Formerly Known as IMPERIAL HOMES CORPORATION, Respondent. [714 NYS2d 539] —Graffeo, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered June 22, 1999 in Broome County, which granted a motion by defendant IHC Holdings Company for a conditional order of indemnification.

Defendant IHC Holdings Company, a manufacturer of mobile homes, entered into a "dealer volume bonus program" with several mobile home retailers, including plaintiffs, wherein IHC agreed to refrain from supplying its product to dealers within a 35-mile radius of plaintiffs as long as plaintiffs maintained certain sales volumes. IHC subsequently sold its manufacturing business to defendant Southern Energy Homes, Inc. (hereinafter SEH). An "Acquisition of Assets" agreement executed in connection with the business sale provided that SEH agreed to fulfill IHC's existing contractual obligations and indemnify IHC for certain losses.

Two years later, plaintiffs commenced this action against SEH, defendant Southern Energy Homes of Pennsylvania, Inc., a wholly owned subsidiary of SEH (hereinafter collectively referred to as SEH), and IHC asserting that they breached the terms of the bonus program by selling mobile homes to dealers within a 35-mile radius of plaintiffs and establishing a discriminatory pricing policy. IHC moved in Supreme Court for a conditional order of indemnification against SEH for events which occurred after SEH acquired its assets, relying on the assumption of liability and indemnification provisions of the Acquisition of Assets agreement. Supreme Court granted the motion, finding that SEH was obligated to indemnify IHC for liabilities arising from plaintiffs' claims, and SEH appeals.

In determining the obligations of parties to a contract, "courts will first look to the express contract language used to give effect to the intention of the parties, and where the language of a contract is clear and unambiguous, the court will construe and discern that intent from the document itself as a matter of law" (*Dryden Cent. School Dist. v Dryden Aquatic Racing Team*, 195 AD2d 790, 793; *see, Gillman v O'Connell*, 176 AD2d 305, 307; *Frederick v Clark*, 150 AD2d 981, *lv dismissed* 74 NY2d 892). In this case, section 1.2 (a) (i) of the agreement, entitled "Assumption of Liabilities", provided that SEH would "assume, pay, perform or discharge * * * those liabilities of [IHC] arising under contracts and commitments shown on Schedule 2.15 * * * to the extent that such liabilities are outstanding at the time of the Closing". The dealer volume bonus program was included among the contracts and commitments listed on schedule 2.15, with specific reference made to each dealer participating in the program, including plaintiffs. Since the obligation to comply with the terms of the bonus program existed at the time that SEH acquired the assets of IHC, it is evident that SEH expressly agreed to fulfill IHC's contractual commitments to plaintiffs.

In addition, in section 10.3 (a) (iii) of the agreement, SEH agreed to "indemnify and hold [IHC] harmless * * * from any and all Losses directly or indirectly incurred * * * in respect of any liability or obligation included in the Assumed Liabilities". As the term "Losses" is broadly defined in the document to include "liabilities, payments and obligations" and "legal fees and costs incurred by [IHC] subsequent to the Closing in defense of or in connection with any alleged or asserted liability, payment or obligation", we find that SEH is obligated to indemnify IHC for the expenses incurred by IHC in defending this action alleging breach of the manufacturers' obligations under the bonus program. Accordingly, based on the clear and unambiguous terms of the agreement, we affirm the order granting IHC a conditional order of indemnification (see, *Vestal v Yonkers Contr. Co.*, 268 AD2d 872).

We have considered the contentions of SEH to the contrary and, to the extent not already addressed, find them to be unpersuasive.

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.