■ NEDRA A. PAWLEWICZ, Respondent, v VICTOR A. PAWLEWICZ, Appellant. — Appeal from an order of the Supreme Court in favor of plaintiff, entered June 8, 1982 in Clinton County, upon a decision of the court at Trial Term (Viscardi, J.), without a jury. In the parties' divorce action, plaintiff's amended complaint alleged that defendant had removed certain silverware and jewelry from the marital residence. Defendant's answer alleged that the silverware and jewelry were in plaintiff's possession. After the divorce became final and a jury had rendered a verdict dividing certain items of personal property, the parties still could not agree as to who was in possession of the silverware and jewelry. A nonjury trial was held on December 21, 1981 to determine the issue. Plaintiff and defendant each testified. The trial court found in favor of plaintiff after concluding that her testimony was credible and directed that defendant be charged for one half of the value of the jointly owned silverware and for the full value of the jewelry owned by plaintiff. A hearing was ordered at a later date to determine the value of the silverware and jewelry. This appeal ensued. There must be a reversal. The trial court, over defendant's objection, permitted plaintiff to testify that her son, who was home on the day in question, had told her that defendant had taken various articles from the residence at that time and that he had heard defendant downstairs, where the silverware was kept. In the context of the trial wherein only the parties testified, such an out-of-court statement, offered for the truth of the fact asserted, i.e., that defendant removed various articles from the marital residence on June 7, 1977, is inadmissible hearsay and severely prejudicial to defendant. Its admission thus constituted reversible error. Inexplicably, plaintiff did not address this issue. Order reversed, on the law, with costs, and matter remitted to Trial Term for a new trial. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.