■ Josie Zupan, Appellant, v Louis Zupan, Sr., Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered September 10, 1990 in Madison County, which determined that an antenuptial agreement between the parties was valid.

Plaintiff and defendant were married on April 24, 1982. On January 12, 1987 plaintiff commenced an action for divorce in which she also sought ancillary relief in the nature of maintenance, child support, equitable distribution, payment for services rendered prior to the marriage and counsel fees. Defendant answered and asserted the existence of an antenuptial agreement as an affirmative defense which would greatly limit the issues with respect to equitable distribution and, necessarily, relevant financial disclosure. Plaintiff replied, alleging duress and fraud in the inducement as defenses to the validity of the antenuptial agreement. Supreme Court ordered a bifurcated trial, subsequently determining that the antenuptial agreement was valid. This appeal followed.

We affirm. The substance of conversations that plaintiff sought to admit, as proof of her state of mind at the time she executed the agreement, was properly excluded as hearsay because we find that its probative value as state of mind evidence was substantially outweighed by the obvious danger of unfair prejudice to defendant (see, Pawlewicz v Pawlewicz, 98 AD2d 912). We further find no merit to plaintiff's contention that Supreme Court failed to consider all the admitted evidence as to her state of mind. The record demonstrates that Supreme Court fully considered all the evidence, properly considering the testimony and credibility of each witness, as reflected in the court's decision.

Finally, we summarily reject plaintiff's argument that Supreme Court erred in denying her motion to amend the complaint to conform to the evidence. Defendant was clearly surprised and prejudiced by the motion, which sought to add the totally new theory of mutual mistake as a defense to the agreement's validity. Accordingly, and given that a short adjournment was unlikely to ameliorate such prejudice, we find that denial of the motion was proper (see, Hummel v Vicaretti, 152 AD2d 779, 781, lv dismissed 75 NY2d 809).

Casey, Mikoll, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.

■ In the Matter of the Arbitration between City of Al-