THOMAS BOWLES, Plaintiff, v KAWASAKI MOTOR CORPORATION USA et al., Defendants. (Action No. 1.)

THOMAS BOWLES, Appellant-Respondent, v A. RICHARD COHEN, as Trustee for SARAH C. COMSTOCK, et al., Respondents-Appellants. (Action No. 2.)

THOMAS BOWLES, Appellant-Respondent, v TOWN OF WEBB, Respondent-Appellant. (Action No. 3.)

Fourth Department, April 24, 1992

APPEARANCES OF COUNSEL

*John Benjamin Carroll, P. C.,* for appellant-respondent.

*Verner R. Love* for A. Richard Cohen and others, respondents-appellants.

*Schrade & Heinrichs (Donna Heinrichs* of counsel), for Town of Webb, respondent-appellant.

### OPINION OF THE COURT

FALLON, J.

Plaintiff was injured on September 23, 1983, when the all-terrain vehicle he was operating struck a log protruding from the surface of a trail on premises owned by the individual defendants (the landowners) and maintained by the Town of Webb (the Town) pursuant to an agreement with the landowners. For a consideration, the Town was granted the right to construct and maintain snowmobile trails on the property and to grant hunting leases for the premises. During the off-sea-

son, the premises and its trails were used for a variety of recreational purposes unrelated to the agreement including, *inter alia,* hiking, walking, fishing and biking. Under the agreement, the Town assumed all responsibility for repair and maintenance of the property.

In June of 1983, the Town did some maintenance work on a culvert that cut across a trail in the Rock Hill section of the property. The work consisted of replacing and rearranging logs in the culvert and installing a section of drainage pipe. Because the logs rose above the surface of the trail somewhat, an attempt was made during the repairs to backfill around them with soil. By the time plaintiff's all-terrain vehicle allegedly struck one of these logs some three months later, the soil had washed away, leaving the log protruding some 6 to 8 inches above grade.

After completion of discovery, the Town and landowners moved for summary judgment. They asserted that General Obligations Law § 9-103 affords them immunity from this suit. Supreme Court ruled that the statutory protection afforded by General Obligations Law § 9-103 (2) (a) applied to both defendants but denied the motions to dismiss insofar as they were predicated on those actions of defendants which constituted a "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity" (General Obligations Law § 9-103 [2] [a]).

Supreme Court properly determined that General Obligations Law § 9-103 applies to both defendants. There is no merit to plaintiff's assertion that the protection afforded by the statute does not apply here because the property was being operated by the Town as a public park. While this section has consistently been construed as not providing immunity to a governmental entity for injuries sustained by one using park facilities *(see, Ferres v City of New Rochelle,* 68 NY2d 446; *O'Keefe v State of New York,* 104 AD2d 43), the property upon which plaintiff was injured was not a public park. It was not owned by the Town and it was only minimally maintained and supervised by it. Moreover, its supervision and maintenance related solely to the snowmobiling activity permitted by its agreement with the landowners. There is no evidence that either the Town or the landowners would have been willing to open these lands but for the protection of the statute *(see, O'Keefe v State of New York, supra,* at 47). As a result, enhanced recreational opportunities not previously available were opened to the public.

Equally without merit is plaintiff's further claim that the Town may not avail itself of the protection afforded by General Obligations Law § 9-103 because it was not the "owner, lessee or occupant of premises". That section does not define the word "occupant". The agreement here, although designated a license, has many characteristics of a lease. It has a stated term, it calls for the payment of basic rent and additional rent, it contains indemnity and insurance provisions, and it imposes upon the Town all responsibility for the maintenance and repair of the premises. Although the Town's use of the premises is limited by the agreement, it is nonetheless granted the sole and exclusive right to use the premises to conduct snowmobiling activities, including the construction and maintenance of the trails to carry on those activities. The landowner reserved only the right to remove lumber from the premises and the right to traverse the snowmobile trails in the process, provided it did so without impairing or endangering the Town's use of the trail. Based on the nature of the Town's use and possession of the property, we conclude that the Town was at least an occupant, if not a lessee, of the property for purposes of General Obligations Law § 9-103.

Also without merit is the further claim advanced by plaintiff that the consideration paid by the Town to the landowners and that paid to the Town by snowmobile permit holders takes this case outside the statute by reason of the exclusion in General Obligations Law § 9-103 (2) (b). That provision exempts the premises from the protection of the statute "for injury suffered in any case where permission to pursue any of the activities enumerated in this section was granted for a consideration" (General Obligations Law § 9-103 [2] [b]). Here, plaintiff was using the premises free of charge. There was no nexus between the consideration paid to the Town by the snowmobile permit holders or the consideration paid by the Town to the landowners and the activities being engaged in by plaintiff on the premises during the off-season (see, Schoonmaker v Ridge Runners Club 99, 119 AD2d 858, 860, appeal dismissed 68 NY2d 807). The exclusion therefore, does not apply.

Supreme Court erred, however, in failing to grant defendants' motions dismissing plaintiff's complaint in its entirety. Section 9-103 (2) (a) provides that the statutory protection and immunity from suit afforded by it "does not limit the liability which would otherwise exist * * * for willful or malicious failure to guard, or to warn against, a dangerous condition,

use, structure or activity". The statute, therefore, clearly "requires a graver act than mere negligence before liability may be imposed" *(Sega v State of New York,* 60 NY2d 183, 192-193, *rearg denied sub nom. Cutway v State of New York,* 61 NY2d 670).* In that regard, plaintiff needed to show that defendants' conduct amounted to an "intentional act of unreasonable character performed in disregard of a known or obvious risk so great as to make it highly probable that harm would result" *(Gardner v Owasco Riv. Ry.,* 142 AD2d 61, 64, *lv denied* 74 NY2d 606, *citing Seminara v Highland Lake Bible Conference,* 112 AD2d 630, 633).

Viewing the record here, as the court must, in the light most favorable to the nonmoving party *(see, Monroe Dewey Partners v MDR Dev.,* 159 AD2d 948; *Renda v Frazer,* 75 AD2d 490, 495-496),* we find that no issue of fact is presented to preclude summary judgment on whether the condition of the trail was of such nature that it renders either defendant liable for a willful or malicious failure to warn of the logs protruding from its surface. Thus, we may determine the issue as a matter of law *(see, Fenton v Consolidated Edison Co.,* 165 AD2d 121, *lv denied* 78 NY2d 856; *Gardner v Owasco Riv. Ry., supra).*

In support of its application, the Town offered proof that the logs were left in place following repair of the culvert to retain the snow properly on the trail. The affidavit of plaintiff's expert, who opined that the logs no longer served any functional utility beyond that point in time, is insufficient to raise an issue of fact that the Town acted willfully or maliciously by failing to warn the trail's users of the logs *(see, Sega v State of New York, supra,* at 193). It is not disputed that the Town created the condition. Moreover, it does not seem to be seriously controverted that other means might well have been available to effect the culvert repair and yet make the trail safer for both snowmobiling and off-season use. Nevertheless, the mere fact that the owner or occupant creates the condition is not determinative of whether it has willfully failed to warn or guard against it *(see, Fenton v Consolidated Edison Co. of N. Y., supra,* at 128). Although the asserted failure of the Town to employ a safer means of repair or to warn all users of the travel conditions might well constitute negligence under these circumstances, it does not rise to the level of willful or malicious conduct required by the statute *(see, Cutway v State of New York,* 60 NY2d 183, 192; *Gardner v Owasco Riv. Ry., supra,* at 65).

With respect to the landowners, there was clearly no basis to impose liability against them pursuant to section 9-103 (2) (a). The only obligation which they had relative to the trails was to "remove all refuse and litter". The Town had assumed all responsibility for maintenance of the trails and the obligation to keep them in good condition and repair. Accordingly, they too demonstrated their entitlement to summary judgment. We have considered plaintiff's remaining contentions and find them to be without merit.

DENMAN, P. J., GREEN and PINE, JJ., concur.

Order unanimously modified, on the law, and as modified affirmed, without costs, in accordance with an opinion by FALLON, J.