■ TIMOTHY J. FARNHAM, Respondent, v AARON L. KITTINGER et al., Defendants, and NORFOLK & WESTERN RAILWAY COMPANY et al., Appellants. STEPHEN A. COBB, Respondent, v AARON L. KITTINGER et al., Defendants, and NORFOLK & WESTERN RAILWAY COMPANY et al., Appellants. [596 NYS2d 240] —Order unanimously reversed on the law without costs, motions granted and complaints dismissed. Memorandum: Plaintiffs allegedly sustained serious injuries when the Toyota Landcruiser in which they were passengers swerved off an abandoned railroad right-of-way owned by defendant The Penn Central Corporation (PCC), crossed tracks owned by defendant Norfolk & Western Railway Company (Norfolk), flipped over and plunged into Dead Creek. Norfolk, PCC, and Penndel Company, PCC's former subsidiary, moved for summary judgment dismissing the complaints on the ground that General Obligations Law § 9-103 affords them immunity from plaintiffs' actions.

Supreme Court erred in denying defendants' motions. The record establishes that the property where the accident occurred is suitable and appropriate for public recreational uses *(see, Iannotti v Consolidated Rail Corp.,* 74 NY2d 39; *Fenton v Consolidated Edison Co.,* 165 AD2d 121, 125, *lv denied* 78 NY2d 856). The off-road operation of the Toyota Landcruiser comes within the type of "motorized vehicle operation for recreational purposes" contemplated by the statute (General Obligations Law § 9-103 [1] [a]; *see, Iannotti v Consolidated Rail Corp., supra,* at 47, n 6). Further, the application of the recreational use statute does not turn on plaintiffs' subjective intention *(see, Iannotti v Consolidated Rail Corp., supra,* at 47; *Gardner v Owasco Riv. Ry.,* 142 AD2d 61, 64, *lv denied* 74 NY2d 606). The fact that plaintiffs were travelling down the right-of-way to find a secluded area in which to urinate does not take their activity outside the scope of the statute *(see, Iannotti v Consolidated Rail Corp., supra,* at 47; *Gardner v Owasco Riv. Ry., supra,* at 63-64). Finally, plaintiffs failed to raise a triable issue of fact regarding defendants' alleged "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity" (General Obligations Law § 9-103 [2] [a]). Liability under the statute "requires a graver act than mere negligence" *(Sega v State of*

*New York,* 60 NY2d 183, 192-193; *accord, Bowles v Kawasaki Motor Corp. USA,* 179 AD2d 299, 303). (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.