■ JOHN HILLMAN et al., Individually and as Natural Guardians of FRANK HILLMAN, an Infant, Respondents, v PENN CENTRAL CORPORATION, Appellant. [612 NYS2d 489] —Peters, J. Appeal from an order of the Supreme Court (Ellison, J.), entered August 27, 1993 in Chemung County, which denied defendant's motion for summary judgment dismissing the amended complaint.

In 1981 or 1982, defendant abandoned a railroad line in Chemung County and removed the tracks, ties and bridges. The railroad line had been constructed on an elevated berm resulting in a gully approximately 12 feet wide and 15 feet deep after a bridge was removed. The railroad line was thereafter opened to the public for recreational use. On May 8, 1988, while riding a motorcycle second in line with three other companions, Frank Hillman, then 17 years old, was seriously injured when he fell into the gully, unable to stop his motorcycle.

Plaintiffs commenced this action alleging negligence and willful and malicious conduct in failing to properly guard and/or warn foreseeable users of the dangerous condition existing on the property. Defendant moved for summary judgment contending that General Obligations Law § 9-103 bars plaintiffs' complaint. Supreme Court denied defendant's motion and defendant now appeals.

The sole issue before us is not the applicability of the immunity provided to defendant by General Obligations Law § 9-103 (1), but the scope of that immunity due to the exemption which does not shield property owners from liability where the injury results from a "willful or malicious failure to guard, or to warn against, a dangerous condition" (General Obligations Law § 9-103 [2] [a]). To be afforded the exception, a plaintiff must demonstrate an "intentional act of unreasonable character performed in disregard of a known or obvious risk so great as to make it highly probable that harm would result" (*Gardner v Owasco Riv. Ry.*, 142 AD2d 61, 64, *lv denied* 74 NY2d 606; *accord, Bowles v Kawasaki Motor Corp. USA*, 179 AD2d 299, 303; *Fenton v Consolidated Edison Co.*, 165 AD2d 121, 128, *lv denied* 78 NY2d 856). In requiring a "graver act than mere negligence before liability may be

imposed" *(Sega v State of New York,* 60 NY2d 183, 193), it is now well settled that "[a]n owner's actions in creating a dangerous condition must be based on a showing of particular, not inferred, malice and willfulness, and not on simple negligence" *(Farnham v Kittinger,* 83 NY2d 520; *see, Bowles v Kawasaki Motor Corp. USA, supra; Wilkins v State of New York,* 165 AD2d 514; *Fenton v Consolidated Edison Co., supra).*

While the most recent pronouncement by the Court of Appeals in *Farnham v Kittinger (supra,* at 529) states that a plaintiff's burden must be a "high-threshold demonstration", such Court further guides us that "[a]s an exception, it should not be read so expansively as to promote question-of-fact inquiries as a general rule. The exception 'must be strictly construed in order that the major policy underlying the legislation itself is not defeated,' with all doubts resolved in favor of the general provision rather than the exception" *(supra,* at 529, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 213; *see also, Matter of Charles,* 279 App Div 741, *affd* 304 NY 776).

Here, plaintiffs contend that defendant's intentional removal of the tracks, ties and bridge created an "illusion of safety that masked an extreme hazard" because it appeared that the roadway was not only straight and level but continuous for "as far as the eye could see". Plaintiffs averred that having created such hazard, defendant knew of its existence and failed to take any steps to warn or guard against this risk. Plaintiffs' evidence simply confirmed how the accident happened, the physical condition of the area and the absence of the bridge, as well as a lack of signs or warnings. Defendant averred by sworn affidavits that other than the instant occurrence, there were no accidents at the site since it was opened to the public in 1982 for recreational use.

In first noting that the mere creation of a dangerous condition by a property owner, even a trap, will not be determinative of whether such owner has willfully failed to warn or guard against such condition *(see, Farnham v Kittinger,* 192 AD2d 1062, *revd on other grounds* 83 NY2d 520, *supra; Sega v State of New York,* 60 NY2d 183, *supra; Fenton v Consolidated Edison Co.,* 165 AD2d 121, *supra; Grant v Consolidated Rail Corp.,* 191 WL 249899 [US Dist Ct, WD NY, Nov. 15, 1991, Skretny, J.]), we find that plaintiffs have failed to offer one scintilla of evidence which "could possibly be construed as malice by defendant" *(Gardner v Owasco Riv. Ry.,* 142 AD2d 61, 64, *supra).* While defendant's conduct might amount to common-law negligence, there was no showing of any triable

issue indicating an "intentional act of unreasonable character performed in disregard of a known or obvious risk so great as to make it highly probable that harm would result" *(supra,* at 64; *accord, Bowles v Kawasaki Motor Corp. USA,* 179 AD2d 299, 303, *supra).* Accordingly, we find that plaintiffs have failed to sustain their burden of demonstrating a triable issue of fact warranting the imposition of an exception from the general immunity provisions of General Obligations Law § 9-103 (1).

Cardona, P. J., White, Casey and Weiss, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.