ALAN C. OLSON, as Executor of JOHN A. OLSON, Deceased, Respondent, v CHRISTOPHER F. BRUNNER, Appellant.

[689 NYS2d 833] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff, as executor of his father's will, commenced this wrongful death action after his father (decedent) was fatally injured by a bull while hunting on defendant's dairy farm. Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint pursuant to General Obligations Law § 9-103 (1) (a).

Defendant owns a 207-acre dairy farm in North Java. He has 60 Holstein cows and a four-year-old Holstein bull, which run together for breeding purposes in a 70-acre pasture that is surrounded by a single strand of electrified barbed wire. Adjacent to the pasture is a cornfield.

For 10 years decedent used the dairy farm to hunt. On the morning of September 4, 1996, defendant gave decedent permission to hunt woodchucks on the premises. That evening decedent's body, which apparently had been trampled by the bull, was found beneath the electrified barbed-wire fence separating the pasture from the cornfield.

"General Obligations Law § 9-103 'grants immunity for ordinary negligence to landowners who permit members of the public to come on their property to engage in several enumerated recreational activities, including [hunting]' " (*Albright v Metz*, 88 NY2d 656, 661-662, quoting *Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 546-547). Such landowners owe no duty to keep their premises safe for hunters or to warn hunters "of any hazardous condition or use of or structure or activity on [their] premises to persons entering for such purposes" (General Obligations Law § 9-103 [1] [a]).

We reject plaintiff's contention that the dairy farm is not suitable for hunting and that the statute therefore is not applicable. Although "the statute was originally envisioned as applying to undeveloped or wilderness areas" (*Ferres v City of New Rochelle*, 68 NY2d 446, 453), "there is nothing in the statute indicating that commercially used property should be treated differently from other property" (*Iannotti v Consolidated Rail Corp.*, 74 NY2d 39, 45). While arguably a pasture with grazing cattle is not an appropriate area to hunt, " 'suitability must be judged by viewing the property as it generally exists, not portions of it at some given time' " (*Albright v Metz, supra*, at 664, quoting *Bragg v Genesee County Agric. Socy., supra*, at 552).

We also reject plaintiff's contention that, because defendant's alleged negligence concerns the keeping of a bull, the statute is not applicable. Although the statute does not immunize the af-

firmative negligence of a landowner (*see, Sauberan v Ohl*, 239 AD2d 891; *Lee v Long Is. R. R.*, 204 AD2d 280; *see also,* Mem of Executive Secretary 2d Director of Research of NY Law Rev Commn, Bill Jacket, L 1956, ch 842, at 29-30), the only arguable allegation of affirmative negligence is the allegation that defendant allowed the bull to "freely roam upon defendant's property while knowing of [decedent's] presence". By all accounts, however, the bull was never free to roam outside the confines of a pasture that was enclosed by an electric fence. Defendant met his initial burden on his motion, and plaintiff did not submit any proof in opposition raising a triable issue of fact whether the bull was roaming outside the confines of the enclosed pasture at the time of the accident.

The assumption of risk envisioned by the statute (*see, Bragg v Genesee County Agric. Socy, supra,* at 550) encompasses the risks associated with any "hazardous condition or use of or structure or activity on [the] premises" (General Obligations Law § 9-103 [1] [a]). As the *quid pro quo* for permission to hunt on defendant's dairy farm, decedent assumed all the risks associated with the daily operation of that farm, including those risks associated with the pasturing of the bull and cows. To conclude otherwise would not be consistent with the intent of the statute because it would effectively require landowners to alter their daily routine to accommodate hunters and to provide for their safety (*see, Bragg v Genesee County Agric. Socy., supra,* at 552). It was not alleged, nor is it argued, that defendant's alleged conduct was willful or malicious. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Scudder and Callahan, JJ.