Andrew Scott **KASTNER**, Respondent,

Eric Nelson, Respondent,

v.

**STAR TRAILS ASSOCIATION, A Minnesota Not for Profit Association, petitioner, Appellant.**

Nos. C5–01–1157, C4–01–1165.

Court of Appeals of Minnesota.

April 8, 2003.

Sharon L. Van Dyck, Schwebel, Goetz & Sieben, Minneapolis, MN, for respondent Andrew Scott Kastner.

Alan R. Nettles, Alan R. Nettles & Associates, P.A., Minneapolis, MN, for respondent Eric Nelson.

Paul Robert Smith, Abrams & Smith, P.A., Minneapolis, MN, for appellant.

Considered and decided by TOUSSAINT, Chief Judge, LANSING, Judge, and HUSPENI, Judge.*

## OPINION

TOUSSAINT, Chief Judge.

These consolidated cases arise out of two snowmobile accidents on a trail created, maintained, and groomed by the not-for-profit appellant Star Trails Association. Appellant moved for summary judgment based on immunity, and the district court

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

denied the motion. Because appellant is entitled to immunity under (a) the exception to municipal liability for recreation areas, Minn.Stat. §§ 466.03, subd. 6e, 84.83, subd. 4 (2002), and (b) the recreational-use-immunity statute, Minn.Stat. § 604A.25 (2002), we reverse.

## FACTS

On January 6, 1996, and January 24, 1999, respectively, respondents Eric Nelson and Andrew Kastner were paralyzed after they lost control of their snowmobiles at approximately the same place on the Star Trail in Washington County. Their lawsuits against appellant Star Trails Association, the not-for-profit association that constructed and maintained the trail, were joined for the purpose of pretrial proceedings.

The association moved for summary judgment, arguing that it was immune from suit under the municipal-immunity and recreational-use-immunity statutes. The district court denied both the summary-judgment motion and the association's motion to certify the immunity question as important and doubtful. This court dismissed the association's interlocutory appeal. On review, the Minnesota Supreme Court formally adopted the collateral-order doctrine and remanded to this court. *Kastner v. Star Trails Ass'n,* 646 N.W.2d 235 (Minn.2002). Deciding that the order denying summary judgment based on immunity was immediately appealable, this court reinstated the appeals by its order of August 6, 2002.

Appellant Star Trails Association is composed of various snowmobile clubs in Washington County and was formed to build a countywide snowmobile trail. It has an agreement with Washington County to acquire, construct, and maintain a public trail, with the understanding that it will be reimbursed by the State of Minnesota upon the county's application, and its work includes obtaining permits from landowners, clearing and grooming trails, building shelters, mending fences, erecting signs, and then, at the end of the season, cleaning and reseeding trails and fixing and storing signs.

Respondents' accidents took place on the Association's Star Trail, which has run through the land owned by Artie Schaefer since 1976. Schaefer signed a permit giving the county the "right to enter upon said right-of-way for any purpose necessary to the performance of lawful powers and duties."

In the association's motion for summary judgment, it sought dismissal of the respondents' claims based on immunity under both the municipal-immunity and recreational-use-immunity statutes. The district court denied the motion on the ground that the association was not an "owner" as defined by the recreational use immunity statute.

## ISSUE

Did the district court err in concluding that neither the municipal-immunity nor the recreational-use-immunity statute applied to appellant?

## ANALYSIS

On appeal from summary judgment, this court determines (1) whether there are any genuine issues of material fact and (2) whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990).

The association argues that it is immune from the claims in these consolidated actions under (1) the municipal-immunity statute, Minn.Stat. § 466.03, subd. 6e (2002), pursuant to the language of Minn. Stat. § 84.83, subd. 4(a) (2002) and (2) the recreational-use-immunity statute, Minn.

Stat. §§ 604A.21, subd. 4, 604A.25 (2002). The facts pertinent to the legal issues on appeal are undisputed.

*Background*

The relationships between the governmental and nongovernmental entities involved in this litigation derive from the 1973 Minnesota Legislature's delegation to the Department of Natural Resources (DNR) the responsibility to administer a cost-sharing trail-assistance program for the development and maintenance of snowmobile trails at the local level. 1973 Minn. Laws ch. 648, § 3. By its trail-assistance or grants-in-aid program, the state offers financial and other assistance to local entities, which create and control the snowmobile trails. *See* Minn.Stat. § 84.83 (2002) (setting out sources of funds and purposes of account to fund grant-in-aid to counties and municipalities); Minn.Stat. § 84.86, subd. 1 (2002) (requiring commissioner to adopt rules for use of grant-in-aid trails and to cooperate with private associations to further snowmobile safety education and training).

In practice, the state contracts with local government "sponsors," and the local government sponsors, in turn, contract with "trail user organizations" to develop and maintain a local trail. The trail-user organizations perform the work necessary to acquire, design, manage, and maintain the trails for public use. The DNR sets up procedures to acquire, develop, maintain, and groom the trails, and it determines which of the trail-user organization's charges will be reimbursed. The DNR also provides the trail-user organizations with suggestions and tips for trail design, construction, grooming, and signing.

*Municipal Immunity Under Chapter 466*

Chapter 466 of the Minnesota Statutes outlines municipal tort liability and immunity. That chapter expressly applies to Star Trails Association through the Minnesota Legislature's declaration that recipients of the DNR's trail-assistance program funds

> must be afforded the same protection and be held to the same standard of liability as a political subdivision under chapter 466 for activities associated with the administration, design, construction, maintenance, and grooming of snowmobile trails.

Minn.Stat. § 84.83, subd. 4(a). One of the statutory exceptions to municipal liability for torts relates to parks and recreation areas. Minn.Stat. § 466.03, subd. 6e (2002).[1]

While the district court did not specifically discuss sections 466.03, subdivision 6e or 84.83, subdivision 4, the court concluded that the association was not immune from respondents' claims because the association was not an "owner" as defined in the recreational-use-immunity statute, Minn. Stat. § 604A.21, subd. 4. In its opinion on the appealability of the district court's summary-judgment order, the Minnesota Supreme Court observed that Minnesota Statutes section 84.83, subdivision 4(a),

> unequivocally states that organizations such as appellant are entitled to the protections of Chapter 466, and to require that they be an "owner" would defeat the purpose of this mandate.

*Kastner v. Star Trails Ass'n* 646 N.W.2d 235, 237 n. 5 (Minn.2002).

■ Respondents agree that chapter 466 governs the association's liability to them. They claim, however, that chapter

---

1. While a municipality remains liable for conduct in parks and recreation areas entitling a trespasser to damages, respondents do not contend that the trespasser standard was violated. *See* Minn.Stat. § 466.03, subd. 6e (2002).

466 generally *imposes* liability for a municipality's torts, that it is a remedial statute, and that its exceptions to liability should be narrowly construed. Respondents also argue that subdivision 6e confers immunity only on the owners and lessees of property and extends only to claims arising out of the "creation" of trails—neither of which, they argue, applies to Star Trails Association. Therefore, the first question before this court is whether the protections of the municipal-tort-immunity statute extend to respondents' specific claims.

Municipal liability for torts is specifically limited by enumerated exceptions, including limited liability for torts occurring in parks and recreation areas. Minn.Stat. § 466.02 (2002). Each of the enumerated exceptions describes a type of claim from which municipalities are immune. Minn. Stat. § 466.03 (2002). The park-and-recreation-area exception states, in relevant part:

> *Any claim based upon* the construction, operation, or maintenance *of any property owned or leased by the municipality* that is intended or permitted to be used as a park, as an open area for recreational purposes, or for the provision of recreational services, *or from any claim based on* the clearing of land, removal of refuse, and *creation of trails* or paths without artificial surfaces, if the claim arises from a loss incurred by a user of park and recreation property or services.

*Id.,* subd. 6e (emphasis added). Like the other exceptions, subdivision 6e begins with "any claim" or "a claim" and is stated in an incomplete sentence. A plain reading of subdivision 6e indicates that it describes two distinct types of claims: first, "any claim" occurring on municipally owned or leased parks and open recreational areas, and second, "any claim based on * * * creation of trails or paths without artificial surfaces." *Id.* The legislature grammatically separated the two types of claims by the use of the disjunctive "or" and by the prefatory language "any claim."

We do not agree with respondents' contentions that the association must own or lease the land over which the trail runs or that respondents' claims are not based on the "creation" of trails. First, the Minnesota Supreme Court has indicated that requiring the association to be an "owner" under chapter 466 would defeat the purpose of section 84.83, subdivision 4(a). Second, a plain reading of the second type of claim described in subdivision 6e does not limit immunity to owners and lessees of the trail, but rather provides for immunity for municipalities and this association, as a recipient of grant-in-aid funds, from any claim based on the creation of the trail. While respondents concede that they could not pursue a claim based on "creation" of the trail, they argue that claims based on negligent signage and maintenance of the trail are distinct claims not covered by the grant of immunity. This reading of the exception wrongly suggests that the legislature could only grant immunity for claims based on signage and maintenance if it specifically listed those types of claims.

A plain reading of the legislature's use of the broad term "creation" encompasses signage, maintenance, and other ongoing acts required to keep the trails open and in use. *See, e.g.,* Webster's Ninth New Collegiate Dictionary 304 (1990) (defining "to create" as "to produce or bring about by a course of action or behavior"). Because the words of the law in their application to this situation are clear and free from all ambiguity, we need not look further for legislative intent. *See* Minn.Stat. §§ 645.08(1) (2002) (stating phrases are construed according to rules of grammar and according to their common and ap-

proved usage); 645.16 (stating that absent ambiguity, letter of law shall not be disregarded). Accordingly, the district court erred in its conclusion that the association is not immune from respondents' claims under Minn.Stat. § 466.03, subd. 6e.

*Recreational–Use Immunity Under Chapter 604A*

■ Having concluded that the association is immune from liability based on the express provisions of chapter 466, we reach the recreational-use-immunity statute only to address the district court's conclusion that the association is not an "owner" under that statute. *See* Minn. Stat. § 604A.21, subd. 4.

Liability for recreational trail use is specifically covered and limited by Minnesota's recreational-use-immunity statute whose express policy is to encourage and promote the public's use of privately owned land for beneficial recreational purposes. Minn.Stat. §§ 604A.20 .27 (2002); *see also id.* at §§ 604A.22, .25 (expressly limiting recreational-trail users' claims to those claims where the owner willfully caused injury on "land dedicated, leased, or permitted by the owners for recreational trail use"). The statute expressly extends tort immunity only to "owners," defined as follows:

> "Owner" means the possessor of a fee interest or a life estate, tenant, lessee, occupant, holder of a utility easement, or person in control of the land.

Minn.Stat. § 604A.21, subd. 4 (2002). It is undisputed that the association does not have the status of "possessor of a fee interest or a life estate, tenant, lessee" or "holder of a utility easement." While the district court did not directly address whether the association might be an "occupant" or a "person in control of the land," it concluded that the right to operate a trail on the land for four months out of the year "hardly grants control over the land

itself." Therefore, the second question before this court is whether the association is an occupant or person in control of the land.

■ While the district court apparently determined that chapter 604A is unambiguous and clearly does not apply to the association, respondents contend that there is ambiguity in the definition of "owner" and that this court must ascertain the legislative intent. Whether a district court has properly construed a statute is a question of law, which we review de novo. *State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996). A statute is ambiguous only when it is subject to more than one reasonable interpretation. *Amaral v. St. Cloud Hosp.,* 598 N.W.2d 379, 384 (Minn.1999).

The common definition of "owner" is broad, encompassing "[o]ne who has the right to possess, use, and convey something." *Black's Law Dictionary* 1130–31 (7th ed.1999). "Occupant" falls within the broad definition of owner as "[o]ne who has possessory rights in, or control over, certain property or premises." *Id.* at 1106. The legislature's use of the phrase, "one who is in control of land," instead of an accepted legal term, suggests a relationship with the land beyond the standard legal relationships surrounding ownership. The definition of "control" further supports a broad interpretation: "[t]he direct or indirect power to direct the management and policies of a person or entity, whether through ownership of voting securities, by contract, or otherwise." *Black's, supra,* at 330. As a general phrase following a list of more specific entities, the only limit on its interpretation is that it include entities of the same type as those listed. *Id.* at 535 (defining *ejusdem generis* ); *see also* Minn.Stat. § 645.08(3) (2002) (codifying ejusdem generis); *Brookdale Pontiac-GMC v. Federated Ins.,* 630 N.W.2d 5, 10 (Minn.App.2001) (applying canon to interpretation of insurance policy), *review de-*

*nied* (Minn. Aug. 22, 2001). Thus, the association has immunity under chapter 604A if it had the power to direct the management of the trail.

The district court's opinion that the status of the association did not grant it control over the land did not recognize that the county's permit with Schaefer gave the county the express right to enter the land to manage and perform maintenance and that the trail-assistance program effectively placed the association in the county's shoes. The record reflects an arrangement by which the association—not the fee owner, the county, or the state—was the entity in control of the trail. The association had the right to enter and control the trail; no greater formality in the legal relationship between the association and the county or the owner is required under the statute. *See Lefto v. Hoggsbreath Enters.*, 581 N.W.2d 855, 857 (Minn.1998) (extending reach of Minnesota Civil Damage Act to "any person," including persons without recognized legal relationship).

Because the association falls within the wide breadth of the term "owner" within the meaning of the statute and because respondents' actions allege the very conduct for which relief is precluded under the statute, the district court erred in denying the association immunity under the recreational-use-immunity statute.

### DECISION

The district court erred in its decision to deny appellant's motion for summary judgment because the appellant is entitled to immunity under the municipal-tort-immunity statute and the recreational-use-immunity statute.

**Reversed.**