OPINION OF THE COURT
Joseph D. McGuire, J.
The court is called upon to determine if a private group that designed, maintained, and groomed a snowmobile trail is entitled to the conditional immunity of the recreational use statute for an injury arising out of a collision between snowmobiles that happened on the trail.
Plaintiff commenced this action to recover damages for fatal personal injuries suffered by decedent William C. Bush in the snowmobile accident. Plaintiff Susan Bush is the administratrix of the estate, and she seeks damages for the loss of her spouse, the father of her children. Defendant Valley Snow Travelers of Lewis County, Inc. has presented a motion seeking an order granting summary judgment (CPLR 3212) on the grounds of immunity under the recreational use statute (General Obligations Law § 9-103). Defendant Rickey Gruber submitted a letter via counsel indicating he would take no position on codefendant’s motion. Plaintiff has cross-moved for summary judgment on liability claiming inapplicability of the statute.
Background Facts
On February 15, 2001, at about 3:30 in the afternoon, William C. Bush was operating a snowmobile on a trail in the Town of Harrisburg, New York. The snowmobile trail is maintained by defendant Valley Snow Travelers of Lewis County, Inc. pursuant to a verbal agreement between it and the landowner. The trail is one known as the C-5-B trail, or the Maples Trail.
Decedent was traveling northwesterly on a portion of the trail followed by three other companion sleds, including his wife. Defendant Gruber was traveling southeasterly on the same trail. The accident occurred at a point where the “old” C-5-B trail, and the “new” C-5-B trail merged. The snowmobile trail was approximately 30 to 40 feet wide. The two machines collided nearly head on, and the decedent suffered such severe injuries he was pronounced dead upon his arrival at the local hospital.
It is not disputed that approximately 10 days previously Snow Travelers altered the old C-5-B trail due allegedly to complaints about travel near public roadways, and from other private landowners.
*287 Discussion
A. General Obligations Law
The applicability of the recreational use statute, General Obligations Law § 9-103, is an initial question of law for the court to determine (see Iannotti v Consolidated Rail Corp., 74 NY2d 39 [1989]).
Defendant Snow Travelers argues that the plaintiffs’ claims are barred by the provisions of the recreational use law that require a showing of more than common-law negligence to impose liability. Plaintiffs argue that the statute does not apply because defendant Snow Travelers acted with affirmative negligence and, as a result, they are not entitled to the immunity provided by the act.
As this court has previously stated, liability in a negligence action involving a landowner requires examination of the scope of the duty owed to the injured party. “A landowner must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk.” (Basso v Miller, 40 NY2d 233, 241 [1976].) That common-law rule is qualified, however, if an injured party is engaged in certain specified recreational activities, including snowmobiling (General Obligations Law § 9-103). In those cases involving the specified uses, the injured party must show willful or malicious conduct in order to recover, or show that a responsible party was compensated and derived some economic benefit from permitting the recreational use on the property (General Obligations Law § 9-103 [2] [a], [b]; see also Iannotti v Consolidated Rail Corp., 74 NY2d 39 [1989]; Blount v Town of W. Turin, 195 Misc 2d 892 [2003]).
B. Applicability of General Obligations Law § 9-103 to Valley Snow Travelers of Lewis County, Inc, as Occupant
The recreational use statute applies to landowners, lessees and occupants (General Obligations Law § 9-103; see Albright v Metz, 88 NY2d 656 [1996]; Weller v Colleges of Senecas, 261 AD2d 852 [1999]). Plaintiff has not provided any factual dispute that Snow Travelers is authorized to be on the property in its role as a private not-for-profit group maintaining the snowmobile trail. Snow Travelers maintains the trails free of charge to the public. It is clear that “authorized presence on the premises [is] sufficient to bring it within the meaning of occupant in the statute.” (Albright, 88 NY2d 656, 665 [1996].) The statute was designed to encourage recreation by protecting those who might otherwise not take the risk of liability for such activities on the *288 land (see Farnham v Kittinger 83 NY2d 520 [1994]; Ferres v City of New Rochelle, 68 NY2d 446 [1986]; Bragg v Genesee County Agric. Socy., 84 NY2d 544 [1994]; Sena v Town of Greenfield, 91 NY2d 611 [1998]). The conduct of Snow Travelers assisting in making the trails usable comports with the purpose of the legislation, and it is considered an occupant to whom the statute would normally apply. For plaintiff to prove Snow Travelers liable, the higher burden of showing malicious or willful conduct on the part of this defendant whose ordinary negligence is protected must be satisfied.
G; Immunity for Valley Snow Travelers under General Obligations Law § 9-103
The several specific claims of negligence against Snow Travelers are: negligence in designing and maintaining the trail; failure to warn decedent that a new trail and intersection had been created; that said intersection imposed dangers for crossing snowmobilers; failure to post any warning signs upon the new trail advising of new intersection; failure to groom the trails so as to allow visibility of the impending intersection; they failed to impose traffic devices and/or warnings; and they improperly designed and/or constructed and/or maintained the new trail and intersection. Were it not for the statute, numerous factual issues would arise based on these claims that could well result in liability on the part of Snow Travelers.
Because the recreational use statute applies, there must be a factual showing that the defendant’s conduct was more than negligent, that it was “willful or malicious” (General Obligations Law § 9-103 [2] [a]). It is a “high-threshold demonstration” in light of the intent of the statute, and to be liable, the defendant’s actions “must be based on a showing of particular, not inferred, malice and willfulness, and not on simple negligence” (Farnham, 83 NY2d 520, 529 [1994] [citations omitted]). Willfulness as applied to General Obligations Law § 9-103 means “an intentional act of unreasonable character performed in disregard of a known or obvious risk so great as to make it highly probable that harm would result.” (Hillman v Penn Cent. Corp., 204 AD2d 902, 902 [1994].) “Malicious conduct requires conduct done intentionally without just cause or excuse” (O’Keefe v State of New York, 104 AD2d 43, 54 [4th Dept 1984, Moule, J., dissenting] [internal quotation marks omitted], appeal dismissed 73 NY2d 756 [1988]). Plaintiff has made no claim of malice on the part of Snow Travelers, nor does any of the evidence submitted support such a claim or argument. The burden is upon the *289 plaintiff to demonstrate an exception to the immunity provided defendant by General Obligations Law § 9-103 (see Hillman, 204 AD2d 902 [1994]), whether that exception be willfulness or some other exception.
Plaintiff alleges that there is affirmative negligence and this affirmative negligence is a further exception to the statute that makes the conditional immunity inapplicable (see Olson v Brunner, 261 AD2d 922 [4th Dept 1999], lv denied 94 NY2d 759 [2000]; Del Costello v Delaware & Hudson Ry. Co., 274 AD2d 19 [2000]; Lee v Long Is. R.R., 204 AD2d 280 [1994]).
However, to be a valid exception, affirmative negligence really involves an analysis of duty. There is a duty breached when there is conduct outside the relationship to the land or the recreational use of it. There is a separate specific duty breached when a train operator does not safely operate that vehicle (Del Costello, 274 AD2d 19 [2000]; Lee, 204 AD2d 280 [1994]) or when a hay wagon driver does not safely operate that piece of machinery (Scott v Wright, 486 NW2d 40 [Iowa 1992]). There is a separate specific duty to not tell a hunter to shoot a gun at an unknown target even though it is on recreational land (Sauberan v Ohl, 239 AD2d 891 [4th Dept 1997]). On occasion, even when there is a recreational use with additional negligence, there can still be immunity if the intent of the applicability of the statute’s purpose is clear (see Keomanivong v Metro-North Commuter R.R., 1995 WL 258190, 1995 US Dist LEXIS 5822 [SD NY, May 2, 1995, McKenna, J.]). There is no separate specific duty breached by allowing a bull to be on one’s own property that is incidentally used for recreation (Olson, 261 AD2d 922 [1999]).
To be a valid exception to the statute, affirmative negligence as the court interprets it is closer to the concept referred to as “intervening negligence” (see Scott, 486 NW2d 40; see also Arquette v State of New York, 190 Misc 2d 676 [2001]), a phrase which allies the negligence with a separate duty apart from the land.
If the snowmobiles here collided with the trail groomer machine, safe operation of the machine would raise an issue of possible intervening negligence, action apart from the condition of the land.
Even in some cases with a vehicle operation, there is landowner/occupier immunity, but based on land condition, not the separate specific safe duty required of the vehicle operator (Bowles v Kawasaki Motor Corp. USA, 179 AD2d 299 [1992]; Hillman, 204 AD2d 902 [1994]; Ferres, 68 NY2d 446 [1986]; *290 Bragg, 84 NY2d 544 [1994]; Sega v State of New York, 60 NY2d 183 [1983]).
In Sega (60 NY2d 183 [1983]), an ATV rider struck a steel cable that the State had placed between two pillars (on which reflectors and yellow paint had worn away), thereby blocking vehicle access to a gravel road. The Court of Appeals found no evidence that the State had acted willfully or maliciously, and therefore found the immunity of General Obligations Law § 9-103 applicable, and reversed the lower Court’s findings. In Ferres (68 NY2d 446 [1986]), there was no liability to an injured bicyclist when he struck a cable the Town had put across the path. In Bragg (84 NY2d 544 [1994]), a motorcyclist was injured when he crashed on a trail that had been altered by the landowner’s excavations within the last five months he had ridden the trail. Again, the Court of Appeals found no willful or malicious intent upon the part of the landowner. In Bowles (179 AD2d 299 [1992]), the Town had modified the culvert on a trail with some logs. Weather erosion eventually left the logs exposed and an ATV rider crashed into them and was injured. The Court found the immunity of General Obligations Law § 9-103 applied.
These holdings reinforce that “the mere creation of a dangerous condition by a property owner, even a trap will not be determinative of whether such owner has willfully failed to warn or guard against such condition.” (Hillman, 204 AD2d 902, 903 [1994] [emphasis added]; see also Larini v Biomass Indus., Inc., 918 F2d 1046 [2d Cir 1990].) In all of the above cases there was an affirmative act by the landowner/occupier that altered the nature of the landscape. Yet, even with such affirmative actions, the landowners/occupiers were granted the protection of the recreational use statute, and were deemed acting consistent with the intended scope of that statute.
The individual facts of the case at hand demonstrate that the purpose of the trail design was to make the trails safer for the public, thus encouraging recreation. It is conduct of a not-for-profit group that might not otherwise enhance recreational opportunities without the statute’s protections, and thus the partial immunity is consistent with the legislative purpose.
The court also notes that, unlike fixed roads, snowmobile trails are not permanent pathways to which the “normal” rules of design defect would apply. The trails are contingent upon the terrain, the snowmobile travelers, and, of course, the weather. A trail that exists one day may disappear overnight with sufficient *291 snowfall, a not uncommon occurrence in this county. Further, the ultimate grooming of the trail rests upon the operator of the snow groomer, again unlike a snowplow operator who drives on a permanent, marked roadway.
There was also unrebutted proof that the codefendant Gruber was riding on the wrong side of the trail (see affidavit of Martin J. Beyer). Reviewing plaintiffs exhibit G, it would appear that, even without the new trail, it is foreseeable that defendant Gruber, or someone else driving on the wrong side of the trail, would have collided with decedent or someone else traveling in the opposite direction on the same side of the trail.
The court also notes that New York’s recreational use statute has companion statutes in other northern states, which have resulted in similar analysis and results by courts of those states (see Montgomery v Department of Natural Resources, 172 Mich App 718, 432 NW2d 414 [Ct App 1988]; Kastner v Star Trails Assn., 658 NW2d 890 [Minn Ct App 2003]; Grimmer v State, 43 Ill Ct Cl 65 [Ct Cl 1985]).
The conduct of the defendant Snow Travelers has not been shown to be willful, or malicious, or in any way an act undeserving of the statute’s protection. Plaintiff has failed to carry the heavy burden demonstrating the inapplicability of General Obligations Law § 9-103.
Conclusion
Based on the foregoing, it is ordered that the motion of defendant Valley Snow Travelers of Lewis County, Inc. for summary judgment on the grounds of application of General Obligations Law § 9-103 is granted; and it is further ordered that the motion of plaintiff Susan Bush for partial summary judgment on liability is hereby denied; and it is further ordered that the complaint as to defendant Valley Snow Travelers of Lewis County, Inc. is dismissed.