# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1431**
**CA 11-01393**
PRESENT: SCUDDER, P.J., CENTRA, GREEN, GORSKI, AND MARTOCHE, JJ.

---

MICHAEL A. THOMANN, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

NIAGARA MOHAWK POWER CORPORATION, DOING BUSINESS
AS NATIONAL GRID, DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

SMITH, MINER, O'SHEA & SMITH, LLP, BUFFALO (R. CHARLES MINER OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

HISCOCK & BARCLAY, LLP, BUFFALO (DAVID M. HEHR OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A.
Michalek, J.), entered September 15, 2010 in a personal injury action.
The order, insofar as appealed from, granted the motion of defendant
Niagara Mohawk Power Corporation, doing business as National Grid, for
summary judgment dismissing plaintiff's complaint and all cross claims
against it.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained when he struck a guy wire attached to a utility
pole while snowmobiling on a bike path in defendant Town of Amherst.
It is undisputed that defendant Niagara Mohawk Power Corporation,
doing business as National Grid (Niagara Mohawk), owned the guy wire
and that, at the time of the accident, the guy wire was missing its
yellow safety shield. Niagara Mohawk moved for summary judgment
dismissing the complaint and all cross claims against it, contending
that it was immune from liability pursuant to General Obligations Law
§ 9-103. We conclude that Supreme Court properly granted the motion.

Contrary to plaintiff's contention, Niagara Mohawk had an
"authorized presence on the premises" where the accident occurred and
thus was an occupant within the meaning of section 9-103 (1) (a)
(*Albright v Metz*, 88 NY2d 656, 665; *see Bush v Valley Snow Travelers
of Lewis County, Inc.*, 7 Misc 3d 285, 287-288, *affd for reasons stated*
27 AD3d 1177; *Weller v Colleges of the Senecas*, 261 AD2d 852, 853, *lv
denied* 93 NY2d 817; *Weller v Marriott Mgt. Servs. Corp.*, 238 AD2d
888). Contrary to plaintiff's further contention, Niagara Mohawk
established that the bike path is "the 'type of property which is not

only physically conducive to [snowmobiling] but is also a type which would be appropriate for public use in pursuing [snowmobiling] as recreation' " (*Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 548; *see Iannotti v Consolidated Rail Corp.*, 74 NY2d 39, 45-46).

Although it is undisputed that the bike path was held open to the public, that fact does not preclude Niagara Mohawk from relying on the immunity provided by section 9-103 (1) (a).  First, Niagara Mohawk was not a municipality and, second, the path itself was undeveloped and unsupervised (*see Myers v State of New York*, 11 AD3d 1020, 1021; *Blair v Newstead Snowseekers*, 2 AD3d 1286, 1288-1289, *lv denied* 2 NY3d 704; *cf. Ferres v City of New Rochelle*, 68 NY2d 446, 453-454; *Celia v Town of Whitestown*, 71 AD3d 1427, 1427-1428; *Quackenbush v City of Buffalo*, 43 AD3d 1386, 1388).

Finally, we conclude that Niagara Mohawk established as a matter of law "that the willful conduct exception [set forth in General Obligations Law § 9-103 (2)] that would void the protection" of section 9-103 (1) (a) is inapplicable here (*Blair*, 2 AD3d at 1289), and plaintiff failed to raise a triable issue of fact on that issue (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Although there was evidence that Niagara Mohawk had been advised that the yellow safety shield was missing from the guy wire, that evidence, alone, is insufficient to establish the "high-threshold demonstration by the injured party to show willful intent by the alleged wrongdoer" (*Farnham v Kittinger*, 83 NY2d 520, 529; *see* § 9-103 [2]; *Cutway v State of New York*, 60 NY2d 183, 192, *rearg denied* 61 NY2d 670; *Scuderi v Niagara Mohawk Power Corp.*, 243 AD2d 1049, 1050).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court