Novak v Western N.Y. Snowmobile Club of Boston, Inc. (2024 NY Slip Op 04018)

Novak v Western N.Y. Snowmobile Club of Boston, Inc.

2024 NY Slip Op 04018

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, BANNISTER, DELCONTE, AND HANNAH, JJ.

520 CA 23-00765

[*1]STEVEN G. NOVAK AND ALISA NOVAK, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
WESTERN NEW YORK SNOWMOBILE CLUB OF BOSTON, INC., DEFENDANT-APPELLANT, PETER H. WILKINS, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (DALE J. BAUMAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 
LAW OFFICE OF VICTOR M. WRIGHT, EDMESTON (DOMINIC M. CHIMERA OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeals from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered April 14, 2023. The order, among other things, denied the motion of defendant Western New York Snowmobile Club of Boston, Inc. for summary judgment and granted the motion of defendant Peter H. Wilkins for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendant Western New York Snowmobile Club of Boston, Inc. and dismissing the complaint against that defendant, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Steven G. Novak (plaintiff) when the snowmobile he was operating was struck by a motor vehicle driven by defendant Peter H. Wilkins. At the time of the accident, plaintiff was on a portion of a snowmobile trail maintained by defendant Western New York Snowmobile Club of Boston, Inc. (Club) that crossed a public road. Plaintiff, who concedes that he did not stop before crossing the road and yield the right-of-way to Wilkins, claimed that the snowmobile trail was not properly marked with signs advising riders to "stop" or "stop ahead." The Club moved for summary judgment dismissing the complaint against it contending that it was immune from liability pursuant to the recreational use statute, i.e., General Obligations Law § 9-103. Wilkins moved for summary judgment dismissing the complaint and any cross-claims against him contending that there was no evidence of negligence on his part. Supreme Court denied the Club's motion, and granted Wilkins' motion. Plaintiffs and the Club now appeal, and we modify.
With respect to the Club's appeal, General Obligations Law
§ 9-103 "grants landowners (and lessees and occupants) immunity from liability based on ordinary negligence if a person engaged in a listed recreational activity is injured while using their land" (Bragg v Genesee County Agric. Socy., 84 NY2d 544, 548 [1994]; see Davis v Hinds, 215 AD3d 1242, 1242-1243 [4th Dept 2023]). It provides, in relevant part, that "an owner, lessee or occupant of premises . . . owes no duty to keep the premises safe for entry or use by others for . . . recreational purposes [including] snowmobile operation . . . or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for [*2]such purposes"
(§ 9-103 [1] [a]), unless, inter alia, the owner, lessee or occupant of the premises engages in a "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity" (§ 9-103 [2] [a]).
"Whether a parcel of land is suitable and the immunity available is a question of statutory interpretation, and is, therefore, a question of law for the Court" (Bragg, 84 NY2d at 552). To determine suitability, a court must ascertain "whether the premises are the type of property that is both physically conducive to the particular activity or sport and appropriate for public use in pursuing the activity as recreation" (Wheeler v Gibbons, 196 AD3d 1083, 1084 [4th Dept 2021], citing Albright v Metz, 88 NY2d 656, 662 [1996] and Iannotti v Consolidated Rail Corp., 74 NY2d 39, 45 [1989]). "A substantial indicator that property is 'physically conducive to the particular activity' is whether recreationists have used the property for that activity in the past; such past use by participants in the sport manifests the fact that the property is physically conducive to it" (Albright, 88 NY2d at 662).
Here, it is undisputed that the portion of the snowmobile trail running alongside the power lines and across the public road in the area where plaintiff's accident occurred was maintained as a snowmobile trail and used by thousands of snowmobilers, including plaintiff, for many years. Contrary to plaintiffs' contention, the fact that "stop" or "stop ahead" signs may not have been visible along the trail before the subject road crossing does not affect that area's overall suitability inasmuch as "suitability must be judged by viewing the property as it generally exists" (Bragg, 84 NY2d at 552), and such an omission constituted, at most, a failure to warn for which the recreational use statute explicitly provides immunity (General Obligations Law § 9-103 [1] [a]). Thus, we conclude that the Club met its initial burden on its motion of establishing that the portion of the trail where the accident occurred is "the type of property which is not only physically conducive to [snowmobiling] but is also a type which would be appropriate for public use in pursuing [snowmobiling] as recreation" (Thomann v Niagara Mohawk Power Corp., 90 AD3d 1583, 1584 [4th Dept 2011] [internal quotation marks omitted]; see Wheeler, 196 AD3d at 1084-1085), and plaintiffs failed to raise an issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We further conclude that the Club also met its initial burden of establishing "that the willful conduct exception [set forth in General Obligations Law § 9-103 (2)] that would void the protection of section 9-103 (1) (a) is inapplicable here" (Thomann, 90 AD3d at 1584 [internal quotation marks omitted]) and that plaintiffs failed to raise a triable issue of fact on that issue (see generally Zuckerman, 49 NY2d at 562). Although there was evidence that trail signage may not have been visible, that evidence, alone, is "insufficient to establish the 'high-threshold demonstration by the injured party to show willful intent by the alleged wrongdoer' " (Thomann, 90 AD3d at 1584, quoting Farnham v Kittinger, 83 NY2d 520, 529 [1994]). Thus, we modify the order by granting the Club's motion and dismissing the complaint against it (see generally Wheeler, 196 AD3d at 1085-1086).
With respect to plaintiffs' appeal, we reject plaintiffs' contention that the court erred in granting Wilkins' motion. " 'It is well settled that [a] driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way . . . Although a driver with the right-of-way has a duty to use reasonable care to avoid a collision . . . , a driver with the right-of-way who has only seconds to react to a vehicle that has failed to yield is not comparatively negligent for failing to avoid the collision' " (Gomez v Buczynski, 213 AD3d 1312, 1313 [4th Dept 2023]). Here, Wilkins met his initial burden of establishing that "he was not negligent because he had the right-of-way while traveling . . . , was operating his vehicle in a lawful and prudent manner, . . . was traveling at a lawful rate of speed, and . . . there was nothing he could have done to avoid the accident" (id.). In opposition, plaintiffs failed to raise a triable issue of fact whether Wilkins " 'was at fault in the happening of the accident or whether he could have done anything to avoid the collision' " (Wallace v Kuhn, 23 AD3d 1042, 1043 [4th Dept 2005]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court